HALL, Judge,
concurring in part and dissenting in part.
I concur in the majority opinion insofar as it modifies the judgment of the district court to increase the $500 award by $188.91, the amount of plaintiff’s medical expenses. I dissent in part because I believe the award should be increased to at least $1,500, plus medical expenses.
The only way the jury’s award of $500, and the majority’s minimal increase can be justified is if there is substantial evidence to support a finding that plaintiff fabricated the entire whiplash injury, and that he suffered no injury whatsoever to his neck. The only evidence to that effect was the adjuster’s recollection of a telephone conversation in which, she testified, plaintiff said he was going to “get an injury and an attorney.” Her testimony about the conversation is somewhat inconsistent with her notes made at the time which reflect that plaintiff mentioned a whiplash injury, not a threat of injury. This evidence is hardly substantial and amounts to little more than a hint of fabrication.
On the other hand, there is substantial evidence supporting a finding that plaintiff suffered a mild whiplash injury. He so testified, corroborated by his wife. The orthopedic specialist who treated him testified he diagnosed plaintiff’s injury as a mild neck sprain, with classic symptoms, and treated plaintiff for it for several months.
The substantial preponderance of the evidence establishes that plaintiff sustained a mild whiplash injury. The minimum award within the range of the jury’s discretion would be, in my judgment, $1,500 plus medical expenses. To the extent that the majority decision fails to increase the award to that amount, I respectfully dissent.